**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HANNING TAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1241-PRW** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Hanning Tan, a noncitizen[1] and Chinese national, filed through counsel a Petition for Writ of Habeas Corpus ("Petition), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set a briefing schedule, Doc. 10, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court deny the Petition.

## I. Background

Petitioner, a citizen of the People's Republic of China, entered the United States on or about June 28, 2016, at JFK International Airport in New York City. Pet. at 5; Resp. at 1; Doc. 13-1 at 1 (Notice to Appear). He was admitted as a non-immigrant B-2 visitor for a temporary period not to exceed December 27, 2016. Doc. 13-1 at 1 (Notice to Appear).

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Petitioner had a ticket for a flight departing New York City on July 8, 2016, to South Korea, but did not board that flight. Resp. at 1-2; Doc. 13-2 at 2 (Form I-213); Doc. 13-5 at 2 (Decl. of Deportation Officer Michael S. Derry). On November 8, 2016, he filed for asylum, which remains pending. Pet. at 5; Doc. 13-2 at 3. Petitioner alleges he lived in Flushing, New York, for nearly ten years with continuous employment authorization and no criminal convictions. Pet. at 5-6; Doc. 2 at 3.

On January 29, 2026, ICE arrested Petitioner while criminal investigators and ICE agents executed a search warrant at a home in Edmond, Oklahoma. Pet. at 6; Resp. at 2. The search warrant related to an investigation of alleged violations of state law involving illegal marijuana grows and straw ownership. Doc. 13-4 (Affidavit and Search Warrant from District Court of Oklahoma County). Respondents allege ICE agents arrested Petitioner because ICE determined he was unlawfully in the United States and believed he was likely to escape before ICE could obtain a warrant. Resp. at 5. Doc. 13-5 at 2. ICE detained Petitioner under 8 U.S.C. § 1226(a) because he overstayed his visa. Resp. at 2.

On January 30, 2026, ICE served Petitioner with an immigration warrant for his arrest. Doc. 1-5 (I-200 Warrant for Arrest). The same day, ICE filed a Notice to Appear alleging Petitioner was admitted to the United States but is removable because he remained in the country beyond December 27, 2016, without authorization. Doc. 13-1.

On February 12, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). Pet. at 8; Doc. 1-6 (IJ Order denying bond); Resp. at 2. "After hearing and considering the totality of the evidence," the IJ denied bond after "finding that [Petitioner] presents a flight risk." Doc. 1-6 at 1. On March 4, 2026, Petitioner requested a second

bond hearing, but the IJ denied the request and referenced the earlier bond hearing. Resp. at 3; Doc. 13-7 (IJ Order denying redetermination request). On April 24, 2026, the IJ granted Petitioner's request for another bond hearing based on "new, material evidence" and "good cause." Doc. 1-7 at 1 (IJ Order granting subsequent bond request). On May 5, 2026, an IJ denied Petitioner's request for bond consideration after finding Petitioner did not have any new evidence. Doc. 1-8 at 1-2 (IJ Order denying subsequent bond request)

Petitioner filed his Petition with this Court on May 28, 2026. Doc. 1. Respondents timely filed their Response. Doc. 13.

On August 6, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Oct. 21, 2026). On September 2, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. *Id*. Thus, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 4. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 21, 2026).

## II. **<u>Petitioner's Claims</u>**

Petitioner asserts four counts in his Petition. In the first two counts, he contends ICE's warrantless arrest of him, without any reason to believe he was likely to escape, violates 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c). Pet. at 8-10. In his third count, Petitioner claims ICE's warrantless seizure of him in a residence violates his Fourth Amendment rights. *Id*. at 10-11. Finally, he claims ICE violated his Fifth Amendment due

process rights with prolonged civil detention over him without a bond hearing. *Id.* at 11-12. Petitioner seeks immediate release, or in the alternative, a bond hearing where the government bears the burden of proof to justify continued detention. *Id.* at 12.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. It is undisputed Section 1226(a) applies to Petitioner's detention.

The two sections of the Immigration and Nationality Act that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Respondents acknowledge "ICE detained Petitioner pursuant to 8 U.S.C. § 1226(a) because he overstayed his visa." Resp. at 2. On February 12, 2026, Petitioner received a bond hearing under § 1226(a). Doc. 1-6. The background principles of § 1226(a) will inform the analysis of Petitioner's claims.

**B. Petitioner is not entitled to release under 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(c), or the Fourth Amendment.**

Petitioner claims his warrantless arrest by ICE officials on January 29, 2026, violated his rights under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c) because ICE did not have reason to believe he was likely to escape. Pet. at 8-10; Doc. 2 at 5-7. He also alleges his warrantless seizure by ICE officers violated the Fourth Amendment's prohibition on unreasonable seizures. Pet. at 10-11; Doc. 2 at 7-9.

Under § 1357(a)(2), an ICE officer may arrest any noncitizen without a warrant "if he has reason to believe" the nonresident is in the United States illegally "and is likely to escape before a warrant can be obtained for his arrest." The corresponding ICE regulation requires an ICE officer to obtain a warrant unless he "has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). The "reason to believe" language "is the equivalent of the constitutional requirement of probable cause." *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025); *see also Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969) (referring to the "probable cause" standard in finding a warrantless arrest violated § 1357(a)(2)). Courts can assess several factors when considering the propriety of a warrantless arrest under § 1357(a)(2), including whether the noncitizen was arrested near his home, cooperated with ICE, "was working in the area," "had a stable residence with a spouse, fiancé, and children," had criminal history, and "lacked ties to the community, such as family, home, or a job." *Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 854 (N.D. Ill. 2025), *aff'd in part sub nom.,* 175 F.4th 828 (7th Cir. 2026).

An ICE officer could reasonably conclude under Petitioner's circumstances there was reason to believe he was likely to escape before the officer could obtain a warrant.[2] Respondents do not dispute that Petitioner answered questions and cooperated with ICE officials during execution of the state search warrant, but additional factors support the warrantless arrest. According to record evidence, Petitioner was living in a home where a state judge had authorized a search warrant after finding probable cause to believe illegal marijuana activity was occurring. *See* Doc. 13-4 (Affidavit and Search Warrant). Petitioner claims he was "temporarily residing" at the Edmond home "to pursue short-term work" but was "lawfully employed in New York on January 28, 2026." Doc. 2 at 3, 9.[3] The undersigned acknowledges the absence of a criminal history for Petitioner, the absence of criminal charges filed against him from the search, and the focus of the search warrant on his apparent housemate. Nonetheless, Petitioner saw criminal agents and ICE officials execute a search warrant at an Edmond home where he had been temporarily living in a city with few ties. An ICE officer could reasonably conclude Petitioner was likely to flee.

In any event, the Supreme Court has recognized "the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention." *Walker v.*

---

[2] It is undisputed that Petitioner was illegally in the United States, which is the other predicate determination necessary under § 1357(a)(2).

[3] The undersigned cannot fully reconcile Petitioner's claim he was "lawfully employed in New York on January 28, 2026," Doc. 2 at 9, and "had no social or familial relationship" or "knowledge of the housemate's background," *id.* at 3, with his claim he "was not a stranger or transient at the Edmond apartment" and lived there "under a shared-rent arrangement," *id.* at 8.

*Wainwright*, 390 U.S. 335, 336 (1968). "If sufficient ground for [a petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Ekiu v. United States*, 142 U.S. 651, 662 (1892) (citation modified). Put another way, "the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *INS v. Lopez Mendoza*, 468 U.S. 1032, 1040 (1984) (citation modified); *see also id*. at 1039 (noting "the 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred"). Here, even if Petitioner was arrested in violation of § 1357(a)(2) or the Fourth Amendment, his current detention is not based on any initial warrant defect. Rather, after Petitioner's arrest ICE initiated removal proceedings, and an IJ ordered his detention after determining in a bond hearing under § 1226(a) that he failed to show he was not a danger.

Under these circumstances, the undersigned concludes Petitioner is not entitled to release from ICE custody because § 1226(a) governs his detention, the ICE warrant was served on Petitioner one day after his arrest, and he has already received a bond hearing before an IJ. This Court came to a similar conclusion in *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026). There, a Magistrate Judge had recommended the petitioner's release based on a warrantless arrest and ICE's failure to establish a flight risk under § 1357(a)(2). 2026 WL 2742084, at *3, 5 (W.D. Okla. June 11, 2026) (R&R). This Court adopted the recommendation in part, granted a bond hearing under § 1226(a) (rather than release), and "reserve[d] a ruling on petitioner's remaining claims pending resolution of the bond hearing." 2026 WL 2390750, at *1.

Along those lines, Judge Russell in this District recently held a petitioner's "warrantless arrest does not merit his immediate release" where a warrant and Notice to Appear had been issued and the petitioner already had two bond hearings. *Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026). Judge DeGiusti similarly concluded "the relief warranted" for an alleged warrantless arrest "is a bond hearing pursuant to § 1226." *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sep. 21, 2026). *But see Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release, "subject to an appropriate Order of Supervision," for a noncitizen detained under § 1226(a) where his "arrest was warrantless").

The Court should deny Petitioner's habeas claims alleging violations of 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(c), and the Fourth Amendment.

**C. Petitioner's alternative claim under the Fifth Amendment also fails.**

Finally, Petitioner alleges that if the "Court declines to reach the unlawfulness of the underlying arrest," his "continuing detention without an individualized bond hearing at which the Government bears the burden of justifying detention by clear and convincing evidence violates the Due Process Clause." Pet. at 11. Consistent with this Court's approach after *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026), a noncitizen apprehended inside the United States after living here for years is entitled to a constitutionally sufficient, individualized bond hearing under § 1226(a). *See, e.g.*, *Morales Castellanos v. Grant*, No. CIV-25-1490-PRW, 2026 WL 2243981, at *1 (W.D. Okla. Aug.

4, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).

Petitioner therefore "is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). However, Petitioner already received a bond hearing in February 2026, and this Court cannot review the discretionary determination of the IJ. And Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Castellano-Suarez v. Johnson*, No. CIV-26-700-PRW, 2026 WL 2610842, at *1 (W.D. Okla. Sep. 2, 2026) (declining to address petitioner's burden-shifting claim and adopting the Magistrate Judge's recommendation to order "an individualized bond hearing under § 1226(a) within seven days"); *Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). Nor does Petitioner challenge or allege any constitutional defect with his original bond hearing.

Petitioner's claim under the Fifth Amendment does not warrant relief.

## V. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition, Doc. 1. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than

**November 4, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 12, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 21st day of October, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE